## CHAMPION v. MUMFORD ET AL.

ACTION on promissory note, first brought before the City Court in Norwich, and came to this court by appeal.

The declaration avers — " That the defendants were merchants in company, by the name and firm of Mumford & Rodman, and made contracts, and signed themselves by that name:    That on the 30th day of June, 1786, the defendants, by a certain writing or note, under the hand of Daniel Rodman, signing for himself and the other defendants, by said name of Mumford & Rodman, promised," etc.

The defendants pleaded in abatement, that the note on which, etc. is dated, and was in fact made, signed, executed and delivered to the plaintiff, at New London, without the limits and jurisdiction of the city of Norwich.

2. That before the institution of said suit, the debt contained in said note was attached by writ of foreign attachment, in favor of John Clark, of the city of London, in the

kingdom of Great Britain, against the plaintiff, Geary, and others, and is holden to respond the judgment that shall or may be rendered on said suit, which is still pending.

The plaintiff replied — That, although the note was dated in the city of New London, yet it was delivered in the city of Norwich; and that Thomas Mumford, Esq. one of the obligors, was, at the time of the contract, and still is, an inhabitant of the city of Norwich; and therefore the City Court hath right to hold plea thereof.

2. The writ of foreign attachment, in favor of said Clark, was served upon the defendants, on the 10th day of June, 1786: That said note was given to the plaintiff, in discharge of a debt due to the plaintiff, from Ebenezer Frost, more than ten days after the service of said Clark's writ was completed: That it was not a debt due from the defendants to the plaintiff, at the time of the service of said Clark's writ, and therefore not attached thereby.

The defendants rejoined — That the note was given in discharge of a book debt, due from the defendants to the plaintiff, long before said writ of foreign attachment was served, and for no other consideration; and concluded by traversing the replication — on which issue was joined.

A verdict was found for the plaintiff, and Mr. R. Griswold moved in arrest of judgment, for the insufficiency of the declaration; and that the issue joined is immaterial, and a departure from the declaration.

He contended — that the declaration states, that Daniel Rodman, one of the defendants, signed the note, and alleges an express promise by the other defendants; but that the

promise or liability of the other defendants (if any) can be no more than an implied promise, or promise arising in law; and so ought the declaration to have been. The note declared upon is not alleged to have been executed by more than one of the defendants, or that the others were privy to it; therefore, it is not the act of the other defendants, and they cannot be obliged by it.

2. The issue joined does not determine the merits of the cause: It is only whether the note was delivered within the city of Norwich, and whether the consideration existed as a debt from the defendants to the plaintiff, at the time of the service of the writ of foreign attachment — both of which are immaterial facts.

But the motion was overruled: For,

By the COURT. The declaration, though loose and informal, hath substance sufficient, after verdict, to found a judgment upon.— There is a note recited, and an averment, that the defendants were holden thereby for the performance of the undertaking therein expressed — of which they failed. It is objected, indeed, to the note, that it was signed by only one of the defendants, and could not be the act, or binding on both: But a note, executed by one joint trader, in his own name, and that of his partner, or by the firm of the company, in the course of their business, as in this case, is good against both, according to the custom of merchants, and pursuant to the implied power he hath from the nature of the case, to contract for and bind the company; and so the point hath been twice recently adjudged—Barlow v. Helmes and others — and Storer v. Hinkley. *Ante,* 147.

As to the issue not being material, it has negated all the matter pleaded in abatement; nor is it a departure from the

Champion v. Mumford et al.

declaration, though it has well ascertained what was there left doubtful, viz.   That the cause of action arose *infra jurisdictionem curiae.*